1

2

3

4

5

6

7

8    **IN THE UNITED STATES DISTRICT COURT**

9    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   REX WILLIAM THOMPSON,                   No. 2:15-CV-2357-CMK-P

12              Plaintiff,

13        vs.                                <u>ORDER</u>

14   DEAN GROWDEN, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26   This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

allege with at least some degree of particularity overt acts by specific defendants which support

the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

impossible for the court to conduct the screening required by law when the allegations are vague

and conclusory.

Plaintiff claims that defendants are violating his rights under the Eighth

Amendment by providing only one hot meal per day.  The Eighth Amendment requires that

prisoner receive food that is adequate to maintain health.  See LeMaire v. Maass, 12 F.3d 1444

(9th Cir. 1993).  Here, plaintiff has not alleged sufficient facts to show an Eighth Amendment

violation because, while plaintiff alleges that he is only being provided one hot meal per day,

plaintiff has not alleged that this meal is inadequate to maintain his health.

Because it is possible that the deficiencies identified in this order may be cured by

amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

informed that, as a general rule, an amended complaint supersedes the original complaint.  See

Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

amend, all claims alleged in the original complaint which are not alleged in the amended

complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

complete in itself without reference to any prior pleading.  See id.

/ / /

/ / /

/ / /

1            If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

4    each named defendant is involved, and must set forth some affirmative link or connection

5    between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

6    164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7            Finally, plaintiff is warned that failure to file an amended complaint within the

8    time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

9    1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

10   with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

11   See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

12           Accordingly, IT IS HEREBY ORDERED that:

13           1.     Plaintiff's complaint is dismissed with leave to amend; and

14           2.     Plaintiff shall file a first amended complaint within 30 days of the date of

15   service of this order.

16

17   DATED:  February 24, 2016

18

19                                 **CRAIG M. KELLISON**

                                UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26